IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSCAR GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:08-cv-01137-M |
| | § | |
| SIMEUS FOODS INTERNATIONAL, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion for Summary Judgment, and alternative Motion for Judgment on the Pleadings [Docket Entry #20]. For the reasons stated below, the Motion for Summary Judgment is **GRANTED IN PART**.

*Background*

This case involves negligence claims and a claim for retaliatory termination under the Family Medical Leave Act ("FMLA"), arising out of injuries Plaintiff Oscar Garcia sustained while working as Defendant's employee. Plaintiff suffered an injury on April 4, 2006, when he was "sprayed in the eye with High Alkaline Smokehouse Cleanser" ("the 2006 injury"). On April 9, 2007, he suffered an ankle injury while at work "caused by a hose placed on the bottom of the steps he was using" resulting in claimed muscular and tendon damage ("the 2007 injury"). Plaintiff alleges that due to pain resulting from the 2006 and 2007 injuries, he had to take leave from work. According to Plaintiff, not only was he reprimanded for taking leave due to his injuries, but while at work on restricted duty, he "suffered a hostile work environment." On November 7, 2007, Defendant terminated Plaintiff with the stated justification that Plaintiff had

1

been absent too frequently.  According to Plaintiff, all of his absences since the 2006 injury were "health-related."

In his Original Petition, Plaintiff asserts that Defendant is liable for its negligence in connection with the 2006 and 2007 injuries.  The Original Petition goes on to assert that Defendant also violated the FMLA because, pursuant to 29 U.S.C. § 2601 *et seq.*, Plaintiff was an "eligible employee" who was terminated by Defendant in retaliation for taking leave from work due to a "serious health condition."

Defendant seeks summary judgment on the 2006 injury based on an affirmative defense of limitations.  In the alternative, Defendant seeks a judgment on the pleadings under Federal Rule of Civil Procedure 12(c), also based on a limitations defense.  With regard to the 2007 injury and the alleged FMLA retaliation, Defendant seeks summary judgment on the grounds that Plaintiff has no evidence to support essential elements of Plaintiff's claims.

*Summary Judgment Standard*

Summary judgment is warranted when the facts and law, as reflected in the pleadings, affidavits, and other summary judgment evidence, show that no reasonable trier of fact could find for the nonmoving party as to any material fact.[1]  "The [movant] bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case."[2]  The movant may satisfy its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the

---

[1] *See* Fed. R. Civ. P. 56; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).
[2] *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322-25).

nonmoving party's case," so long as the moving party does not bear the burden of proof at trial.[3] If the defendant seeks summary judgment based on an affirmative defense, the defendant must show the absence of a genuine issue of material fact and establish each element of its defense as a matter of law.[4] Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate.[5]

To show that summary judgment is inappropriate the nonmovant is required to go beyond the pleadings and designate specific facts that prove the existence of a genuine issue of material fact.[6] "Only evidence—not argument, not facts in the complaint—will satisfy the burden."[7] "Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence."[8] In determining whether genuine issues of material fact exist, factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists.[9] A district court properly grants summary judgment if, when viewing the facts in the light most favorable to the nonmovant, the movant shows that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law.[10]

*Analysis*

**I.   The 2006 Injury Claims**

Defendant argues that summary judgment should be granted because Plaintiff did not serve Defendant until after the limitations period had run on the 2006 injury. Plaintiff filed his

---

[3] *Celotex*, 477 U.S. at 325; *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, No. 05-1978, 2006 WL 2548166, at *3 (E.D. La. Aug. 31, 2006), *adopted by*, 520 F.3d 409 (5th Cir. 2008).
[4] *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002).
[5] *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).
[6] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotes omitted).
[7] *Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994) (quoting *Solo Serve Corp. v. Westowne Assoc.*, 929 F.2d 160, 164 (5th Cir. 1991)) (internal quotes omitted).
[8] *Id.* (quoting *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991)).
[9] *Lynch Props.*, 140 F.3d at 625; *see also Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir. 2005).
[10] Fed. R. Civ. P. 56(c).

Original Petition in Texas district court on January 9, 2008.  Plaintiff attempted service on January 17, 2008, but it was unsuccessful because Defendant was "no longer employed at [the listed] address as of Dec. 14, 2007," and notice of the unsuccessful service was filed with the state court on January 22, 2008.  Plaintiff requested the issuance of a second citation on May 29, 2008, which the Texas Secretary of State issued and forwarded to Defendant on June 6, 2008.  Defendant received it on June 11, 2008.

According to Texas Civil Practice & Remedies Code § 16.003(a), a person must "bring suit" for negligence no later than two years after the day the cause of action accrues.[11]  To "bring suit" within the meaning of section 16.003(a), a plaintiff must not only file suit within the applicable limitations period, but must also use diligence to have the defendant served with process.[12]  Here, the limitations period began when the injury occurred.[13]  Also, according to the Texas Supreme Court decision *Zale Corp. v. Rosenbaum*, "[w]hen a plaintiff files a petition within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service."[14]  In *Murray v. San Jacinto Agency, Inc.*, the Texas Supreme Court held that once the defendant demonstrates that service occurred after the limitations deadline, the burden shifts to the plaintiff "to explain the delay."[15]  Thus, "it is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay."[16]

---

[11] Tex. Civ. Prac. & Rem. Ann. Code § 16.003(a) (Vernon 2005).
[12] *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990).
[13] *See Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998) (An action for negligence accrues when a wrongful act causes an injury, regardless of when the plaintiff learns of the injury or whether all resulting damages have yet to occur).
[14] 520 S.W.2d 889, 890 (Tex. 1975) (per curiam).
[15] 800 S.W.2d 826, 830 (Tex. 1990).
[16] *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007).

In the present case, while Plaintiff's Original Petition was filed within the limitations period, Defendant was not served until two months after the limitations period had expired. The rule in Texas is that it is Plaintiff's burden to explain the delay where service was not effectuated until after the expiration of the statute of limitations, and here, there has been no such explanation, as Plaintiff failed to respond to the Motion for Summary Judgment. Given Plaintiff's failure to meet his burden to explain the delay in service, Defendant is entitled to summary judgment on the 2006 injury.

## II.  The 2007 Injury and FMLA Retaliation Claims

With respect to the 2007 injury, Defendant argues that even assuming that Defendant owed to Plaintiff all the duties discussed in the Plaintiff's Original Petition, "Plaintiff has no evidence to support that: (1) Defendant breached any of the duties Plaintiff alleges were owed to Plaintiff; and/or (2) any alleged breach of duty by Defendant caused any of Plaintiff's alleged injuries."[17] Defendant also argues that it is entitled to summary judgment on the FMLA retaliation claim because Plaintiff has not provided evidence that: (1) he availed himself of a protected right under the FMLA; or (2) there is a causal connection between the protected activity and the adverse employment action taken by the Defendant.[18] Defendant presented no evidence in support of its Motion, and the Court declines to grant summary judgment in this case on that basis. Therefore, the Motion is denied on Plaintiff's other claims. However, Defendant is given permission to file a new motion on or before September 14, 2009, with supporting evidence.

---

[17] Def.'s Br. at ¶ 28.
[18] *Id.* at ¶ 36 (Defendant concedes that Plaintiff was "adversely affected by an employment decision," which is the third element of a FMLA retaliation claim. *Bocalbos v. National Western Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998)).

*Conclusion*

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment on the 2006 injury and it is **DENIED** on the other claims.[19]

**SO ORDERED**.

August 7, 2009.

_____
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**

---

[19] Because the Court grants summary judgment on the 2006 injury, the Motion for Judgment on the Pleadings is moot.