IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSCAR GARCIA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-1137-M |
| | § | |
| SIMEUS FOODS INTERNATIONAL, INC. | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Simeus Foods International, Inc. has filed a second motion for summary judgment in this *pro se* civil action brought under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and Texas common law. In his original complaint, plaintiff alleges that he suffered job-related injuries in 2006 and 2007 due to the negligence of defendant. After his 2007 injury, plaintiff contends that he was reprimanded by defendant for taking medical leave, subjected to a hostile work environment, and ultimately terminated for "health-related" reasons. The court previously dismissed plaintiff's negligence claim related to his 2006 injury on limitations grounds. *Garcia v. Simeus Foods International, Inc.*, No. 3-08-CV-1137-M, 2009 WL 2448437 (N.D. Tex. Aug. 7, 2009). Defendant now seeks summary judgment with respect to plaintiff's remaining claims. Plaintiff has filed a response to the motion,[1] and this matter is ripe for determination.

---

[1] Although plaintiff's summary judgment response is untimely by more than two months, the court will consider the response in the interest of justice.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A party seeking summary judgment who does not have the burden of proof at trial bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). This may be done by "pointing out 'the absence of evidence supporting the nonmoving party's case.'" *Id., quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir.), *cert. denied*, 113 S.Ct. 98 (1992). Once the movant meets this burden, the nonmovant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

The gravamen of plaintiff's FMLA claim is that he was reprimanded, subjected to a hostile work environment, and ultimately terminated for taking medical leave. The FMLA allows qualified employees up to 12 work weeks of leave during any 12-month period "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The statute contains two distinct types of provisions-- prescriptive and proscriptive. *See Hurt v. Ecolab, Inc.*, No. 3-05-CV-1508-BD, 2006 WL 1409520 at *3 (N.D. Tex. May 23, 2006) (citing cases). To protect employees against retaliation for taking FMLA leave, the proscriptive aspect of the statute prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any individual for opposing any practice made unlawful

by [the Act]." 29 U.S.C. § 2615(a)(2). Thus, an employer may not "use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions[.]" 29 C.F.R. § 825.220(c); *see also Bocalbos v. National Western Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998), *cert. denied*, 120 S.Ct. 175 (1999); *Hurt*, 2006 WL 1409520 at *3.

The *McDonnell Douglas* burden-shifting framework applies to retaliation claims under the FMLA. *See Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 768 (5th Cir. 2001). First, plaintiff must establish a *prima facie* case of retaliation by proving that: (1) he was protected under the FMLA; (2) he suffered an adverse employment decision; and (3) either he was treated less favorably than other employees who did not take FMLA leave, or the adverse decision was made because he took FMLA leave. *Id.* Once plaintiff makes a *prima facie* showing of retaliation, the burden shifts to defendant "to articulate a legitimate nondiscriminatory or nonretaliatory reason for the employment action." *Id.* If defendant meets its production burden, the *prima facie* case disappears and plaintiff "must show by a preponderance of the evidence that [defendant's] reason is a pretext for retaliation." *Id.*; *see also McArdle v. Dell Products, L.P.*, 293 Fed.Appx. 331, 336, 2008 WL 4298840 at *4 (5th Cir. Sept. 22, 2008).

Even if plaintiff could establish a *prima facie* case of retaliation, he has failed to demonstrate pretext. The summary judgment evidence shows that defendant has an absenteeism policy that provides for termination if an employee accumulates 13 absences in a rolling 12-month period. (*See* Def. MSJ App. at 2, ¶7). Plaintiff injured his ankle at work on April 9, 2007. (*Id.* at 82; Plf. MSJ Resp., Attch. at 43). He was seen by a doctor on April 11, 2007, and was released to work, with some restrictions, the same day. (Def. MSJ App. at 99-101). However, plaintiff did not report

to work on April 11, April 12, or April 13, 2007. (*Id.* at 102-03). Plaintiff returned to the doctor on April 13, 2007, and again was released to work with restrictions. (*Id.* at 103). Yet plaintiff did not go back to work until April 16, 2007. (*Id.* at 107). Upon returning to work, plaintiff was reminded of the absenteeism policy and warned that he was nearing 13 unexcused absences. (*Id.*). Plaintiff missed work from April 23, 2007 to June 12, 2007, on orders from his doctor. (*Id.* at 112, 115). None of plaintiff's absences from the date of his ankle injury until June 12, 2007 were counted against him under the absenteeism policy. (*Id.* at 2, ¶ 9). After plaintiff was released by his doctor on June 12, 2007, he missed 10 more days of work--June 22, June 25, July 25, August 24, September 26, October 24, October 25, October 26, November 5, and November 6, 2007. (*Id.* at 3, ¶ 12). Plaintiff did not request FMLA leave for any of those days or seek time off in advance of missing work. (*Id.*). Because plaintiff had three unexcused absences in the months before his ankle injury, for a total of 13 unexcused absences in a rolling 12-month period, he was terminated by defendant on November 7, 2007 for violating the absenteeism policy. (*Id.* at 2, ¶ 8 & 3, ¶¶ 13-15). Plaintiff does not offer any evidence to suggest that the legitimate explanation given by defendant for its employment decision was a pretext for retaliation.[2] Nor is there any evidence that plaintiff was reprimanded or subjected to a hostile work environment for taking medical leave. Consequently, defendant is entitled to summary judgment on plaintiff's FMLA claim.

---

[2] To the contrary, the evidence submitted by plaintiff suggests that his absences from work were not related to any medical condition or health-related reason. Among the records submitted by plaintiff is a report dated September 20, 2007, wherein his doctor writes:

> It has appeared that much of the patient's disability focus[] has been on the fact that he is not pleased with his current job situation, or the section that he is working in, and has desire to change of settings with his employer. I have reviewed however that the patient is capable of an essential full duty work release, and he has admitted dramatic improvement.

(Plf. MSJ Resp., Attch. at 43).

Defendant also seeks summary judgment on plaintiff's negligence claim related to his 2007 ankle injury. A federal court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed. 28 U.S.C. § 1367(c)(3); *see also Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). Among the factors to be considered in exercising this discretion are judicial economy, convenience, fairness, federalism, and comity. *See Rosado v. Wyman*, 397 U.S. 397, 403-04, 90 S.Ct. 1207, 1213-14, 25 L.Ed.2d 442 (1970). When all federal claims are dismissed prior to trial, these factors weigh heavily in favor of declining to exercise jurisdiction. *See, e.g. Bunch v. Duncan*, No. 3-01-CV-0137-G, 2002 WL 324287 at *4 (N.D. Tex. Feb. 27, 2002), *quoting Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed."); *Kibby v. Chief Auto Parts, Inc.*, No. 3-97-CV-2180-D, 1999 WL 135261 at *6 (N.D. Tex. Mar. 4, 1999) (declining to exercise supplemental jurisdiction over state law claims following dismissal of Title VII and section 1981 claims on summary judgment). *Cf. Lopez v. Continental Insurance Corp.*, No. 3-95-CV-1894-D, 1997 WL 148032 at *6 n.2 (N.D. Tex. Mar. 25, 1997) (exercising supplemental jurisdiction over state law breach of contract claim after dismissal of Title VII discrimination claim only because there was diversity of citizenship). In view of the summary dismissal of plaintiff's FMLA claim, his negligence claim should be dismissed without prejudice.

## **RECOMMENDATION**

Defendant's second motion for summary judgment [Doc. #36] should be granted in part. Plaintiff's FMLA claim should be dismissed with prejudice. The court should decline to exercise

supplemental jurisdiction over plaintiff's negligence claim related to his 2007 ankle injury, and that claim should be dismissed without prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 8, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE